1 | FREDERICK G. SOLEY
City Attorney, SBN 100270
2 | **ALESIA JONES-MARTIN**
Assistant City Attorney, SBN 154420
3 | **CLAUDIA M. QUINTANA**
Assistant City Attorney, SBN 178613
4 | **CITY OF VALLEJO,** City Hall
555 Santa Clara Street, Third Floor
5 | P.O. Box 3068
Vallejo, CA   94590
6 | (707) 648-4545   FAX:  (707) 648-4687

7 | Attorneys for Defendant, CITY OF VALLEJO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| WYNATHEN KETCHUM, ANA MENJIVAR, acting for themselves and other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO, <br><br> Defendant. | **Case No. 2:05-CV-01098-DFL-JFM** <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to the Honorable John F. Moulds' Order compelling Plaintiffs to produce records within ten days of May 3, 2006, and stipulating that all documents produced pursuant to the order are subject to a protective order and shall be used only in connection with the conduct of this litigation;

Counsel for Plaintiff and counsel for Defendants agree that the following categories of documents pertaining to Plaintiff Ketchum will be produced pursuant this Stipulated Protective Order:

    4.    Any and all of YOUR personal or business tax returns, including supporting documentation for the years 1999 through 2004.

5. Any and all documentation supporting the employment of any persons hired by YOU to engage in any activity which could be described as care and or handling of horses.

6. Any and all documentation of any payments made by YOU to any person, business or agency for services rendered in the maintenance, care or handling of YOUR horse(s).

7. Any and all documentation of any payments, prizes or income received by YOU which is in any way attributable to your ownership, handling, showing, riding, leasing, loaning or possessing of your horse.

8. Any DOCUMENT which shows any possessory, equitable, fiduciary or social interest in any commercial enterprise, partnership, business entity, whether or not it derives a profit, which lists YOUR HORSE as an asset.

9. Any DOCUMENT which shows any possessory, equitable, fiduciary or social interest possessed by YOU in any business enterprise involved in the care and maintenance of horses.

10. Any DOCUMENT regarding any periodical articles or advertisement for activities described in Paragraphs 7, 8 or 9.

11. The names of all horses owned, leased, rented or borrowed or otherwise cared for by YOU, any of your minor children, employees or agents for any purpose between 1999 and present, with the dates of acquisition, lease, bailment or rental and the supporting documentation (contracts, receipts, veterinary papers and related documents).

12. Documentation of any logs, receipts, contracts or any other method of tracking regarding the number, the name, and customer information pertaining to any horses left in YOUR care, or in the care of YOUR company, YOUR employees or agents for boarding, maintenance or related purposes during 1999 to the present.

13. Any awards, certificates, trophies, banners, or other decorations received by YOU, or YOUR horse for any activity connected to riding, maintaining, owning, showing or handling any horses owned, leased, borrowed or maintained by you, when being handled by your children, employees or agents... .

All counsel further agree that the documents produced pursuant to this Stipulated Protective Order shall serve as Plaintiff's supplemental response to Defendant's Request for Production of Documents, Set One, directed to Plaintiff Wynathen Ketchum. Additionally, all counsel further agree that:

1. The documents produced pursuant to this Stipulated Protective order are confidential. Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable law, stipulation and/or order.

2. Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from materials designated as confidential (hereinafter "confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Plaintiff and his counsel and agents shall not disclose, release or otherwise publish any confidential material, or the information contained therein, except as necessary in this litigation.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to the court, to a party to this action, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   A. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

   B. Court reporters employed in this action;

   C. A witness at any deposition or proceedings in this action other than the subject officers; and

   D. Any other person as to whom the parties in writing agree.

5. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such

1 material is also obtained through discovery in this action, or from disclosing its own confidential
2 material as it deems appropriate.  Receipt by any party of any confidential information shall not
3 be either an admission or claim that the information is private, confidential, proprietary, and/or
4 trade secret, as asserted by the propounding party, nor an admission with respect to the
5 authenticity, competency, relevance or materiality thereof. Further, the parties understand that
6 certain tax, personnel and or otherwise private information cannot be released even if it is
7 possessed and or has been obtained through alternative means.

8      7. This Order shall be without prejudice to the right of the parties to: (1) bring before
9 the Court at any time the question of whether any particular document or information is
10 confidential or whether is use shall be restricted; or (2) present a motion to the Court under
11 Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular
12 document or information, including restrictions different from those as specified herein.  This
13 Order shall not be deemed to prejudice the parties in any way in any future application for
14 modification of this Order.

15      8. Nothing in this Order nor the production of any information or document under
16 the terms of this Order, shall be deemed to have the affect of an admission or waiver of
17 objections or privileges by either party or of altering the confidentiality or non-confidentiality
18 of any such document or information or altering any existing right or obligation of any party or
19 the absence thereof.

20      9. This Order shall survive the final termination of this action, to the extent that the
21 information contained in confidential material is not and does not become known to the public.
22 The Court shall retain jurisdiction to resolve any dispute concerning the use of information
23 disclosed hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this
24 action, whichever first occurs, Defendants shall return to counsel for Plaintiff at its business
25 address, 1912 "I" Street, Sacramento, CA  95814, all confidential materials and any and all
26 copies thereof.
27 /////
28 /////

1 | **IT IS SO STIPULATED.**

2 | DATED: May 9, 2006.          /s/ Claudia M. Quintana
                                 CLAUDIA M. QUINTANA
3 |                              Assistant City Attorney
                                 Attorney for Defendants
4 |                              CITY OF VALLEJO, et al.

6 | DATED: May 10, 2006.         /s/ Willy M. Yamada
                                 WILLY M. YAMADA
7 |                              Attorney for Plaintiffs
                                 WYNATHEN KETCHUM, et al.

9 | **IT IS SO ORDERED.**

10 | DATED: May 23, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; ketchum.po