1  FREDERICK G. SOLEY
   City Attorney, SBN 100270
2  **ALESIA JONES-MARTIN**
   Assistant City Attorney, SBN 154420
3  **CLAUDIA M. QUINTANA**
   Assistant City Attorney, SBN 178613
4  **CITY OF VALLEJO,** City Hall
   555 Santa Clara Street, Third Floor
5  P.O. Box 3068
   Vallejo, CA  94590
6  (707) 648-4545   FAX:  (707) 648-4687

7  Attorneys for Defendant, CITY OF VALLEJO

8

9                  UNITED STATES DISTRICT COURT

10     EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

12  WYNATHEN KETCHUM,              )    **Case No. 2:05-CV-01098-DFL-JFM**
    ANA MENJIVAR, acting for       )
13  themselves and other similarly )
    situated,                      )    **JOINT STATEMENT RE DISCOVERY**
14                                 )    **DISAGREEMENT REGARDING**
                                   )    **DEFENDANT'S MOTION FOR**
15            Plaintiffs,          )    **PROTECTIVE ORDER**
                                   )
16       v.                        )
                                   )
17  CITY OF VALLEJO,               )    **DATE:**    **September 21, 2006**
                                   )    **TIME:**    **11:00 a.m.**
18            Defendant.           )    **JUDGE:**   **Hon. John F. Moulds**
                                   )            **Courtroom 26**
19  ─────────────────────────────  )

20                        **INTRODUCTION**

21  **A.    City of Vallejo's Statement.**

22         This motion arises out of Defendant's opposition to a number of depositions noticed

23  by Plaintiffs.  The depositions originally noticed involved Lt. Lee, Officer Liddicoett, Sgt.

24  Gordon, and Ret. Sgt. Hauser.  Prior to the Deposition of Officer Liddicoett, Plaintiffs'

25  counsel, William Lenehan, made informal contact with Officer Liddicoett  for the stated

26  purpose of discussing the Mounted Patrol Unit.  Defendant's concerns involve the propriety

27  of Plaintiffs' counsel's informal contact with current and former employees of the Defendant

28

1  who are also potential members of the class, as well as the propriety of having depositions of

2  prospective class members absent provisional class certification.

3      Although the parties have undertaken meet-and-confer efforts to narrow the issues

4  raised by this motion with some success, the parties have been unable to resolve the issues

5  raised herein, thus necessitating this motion.

6  **B.    Plaintiffs' Statement.**

7      On August 16, 2006, Plaintiffs' counsel served deposition subpoenas on Officer Brett

8  Liddicoet, Lieutenant Lori Lee, Sergeant Steve Gordon and retired employee Tom Hauser.  On

9  August 17, 2006, defense counsel improperly filed a Motion for a Protective Order with Judge

10 David F. Levi in response to the subpoenas.  On August 22, 2006, Judge Levi issued an order

11 stating that discovery disputes are to be brought before the magistrate judge in accordance with

12 Eastern District Local Rule 72-302.

13     On August 24, 2006, defense counsel re-filed a Motion for Protective Order before this

14 Court.  On August 28, 2006, defense counsel improperly filed an Ex Parte Request to Shorten

15 Time of the hearing on defense counsel's Motion for Protective Order.  On August 29, 2006,

16 this Court issued an order stating defense counsel's motion was not properly noticed for hearing

17 and did not meet the requirements of a request for order shortening time, pursuant to the Local

18 Rules.

19     On August 31, 2006, Plaintiffs deposed Lt. Lori Lee and on September 13th deposed

20 Officer Bret Liddicoet.  Ms. Quintana and Ms. Martin appeared at both depositions.  Plaintiffs

21 voluntarily withdrew the subpoena of the Vallejo Police Officers' Association, Steven Gordon.

22 Mr. Hauser's deposition is set for September 22, 2006.

23     Defense counsel has repeatedly ignored the Local Court Rules regarding discovery

24 disputes.  Even after the Court's September 12, 2006 Order, Defendant maintains its argument

25 and the parties now file this joint statement before the Court.

26     Plaintiffs contend that Defendant's Motion is frivolous and intended only to delay and

27 obstruct, and therefore should be denied in its entirety.   Plaintiffs further request that defense

28 counsel be sanctioned for their repeated failure to adhere to the Local Rules and for bringing this

1   baseless motion, and be ordered to pay Plaintiffs' attorney's fees in defending this frivolous

2   motion.

3                                    **FACTUAL BACKGROUND**

4   **A.      City of Vallejo's Statement.**

5           Plaintiffs, two Vallejo police officers, voluntarily joined a Mounted Police Unit using

6   their privately owned horse(s) for special details and ceremonial functions.  They were paid a

7   rental fee for the use of their horse.  In addition to being paid a regular or overtime rate for all

8   on-duty time for all special details, Plaintiffs are compensated for two hours of preparation time

9   for each duty assignment, and receive mileage reimbursement for transporting their horses.

10          Plaintiffs claim that the Fair Labor Standards Act, 29 U.S.C. Sections 201 *et seq.*

11  ("FLSA") entitles them to reimbursement of all off-duty time spent for caring of their horses

12  including feeding and grooming.

13          Plaintiffs filed this action as a "collective action" under FLSA §216 on June 8, 2005.

14          Plaintiffs sought  *Hoffman-Laroche* notice to serve notice of this action on prospective

15  class members on September 28, 2005 by their pleading "Plaintiff's Brief for Notifying and

16  Opting In Additional Similarly Situated Plaintiffs".  This pleading was not noticed or set for

17  hearing.

18          Defendants filed Defendant's Opposition to Plaintiff's Request For Issuance of *Hoffman*

19  *Laroche* Notice on September 30, 2005.

20          On September 30, 2005, Plaintiffs' counsel was notified that the vehicle by which his

21  request would be addressed by the Court was by noticing a hearing on an available law and

22  motion calendar for Judge Levi.  (See Defendant's Attachment A.)

23          No such motion was ever noticed or heard.

24          On March 6, 2006, The Honorable Judge Levi issued a minute order approving the

25  proposed notice, and stating that the cut-off date for joining the action should be amended to

26  May 12, 2006.

27          No notice went out.

28          Plaintiffs did not add any additional plaintiffs prior to that date.

1    No class has been conditionally certified.

2        In July 2006, an attorney working for Plaintiffs' counsel contacted one of the Officers

3    who was involved in Mounted Patrol Unit Activities.  (See Defendant's Attachment C-2 to

4    Declaration of Claudia Quintana.)

5        An ensuing disagreement resulted regarding the extent to which Plaintiffs' counsel

6    should be allowed to contact prospective class members, taking into account that the cut-off

7    date had passed, but that Plaintiffs' counsel could nevertheless seek to amend the order from

8    the Court for additional time to join in Plaintiffs.  Defendants sought a stipulation that

9    Plaintiffs' counsel would not seek to amend the order to add additional Plaintiffs.

10       Plaintiffs refused to withdraw or reschedule the depositions of Lt. Lee and Officer

11   Liddicoett.

12   **B.    Plaintiffs' Statement.**

13       Plaintiffs are current and former Police Officers with the City of Vallejo.  Plaintiffs were

14   members of the Defendant's Mounted Patrol Unit.  Part of Plaintiffs' job requirements as

15   members in the MPU required them to board their horses either at their homes or privately

16   owned stables.  Plaintiffs were expected to work with their horses during off-duty hours in order

17   to train the horses for law enforcement duties on patrol.  Plaintiffs never received compensation

18   for required off-duty training time.  A primary claim made in this lawsuit arises out of this work

19   performed during off-duty hours.  Plaintiffs allege they are owed back pay for this work.

20   Defendant asserts this work was voluntarily performed, is not compensable, and that the work

21   was not done in furtherance of the MPU.  The Chief and Lt. Lee contend the officers did not

22   spend uncompensated hours training horses for patrol duties.  The Plaintiffs need to conduct

23   additional discovery to substantiate their position and refute defendant's assertions.

24       Additionally, Defendant asserts the chief relied on a Department of Labor opinion letter

25   in refusing to compensate Plaintiffs.  Plaintiffs contend that opinion letter was not discovered

26   or relied upon prior to the initiation of litigation.  Plaintiffs need further discovery regarding

27   Defendant's failure to assert this letter on multiple occasions where MPU compensation issues

28   were raised and to dispute these assertions.

1    In preparing for mounted patrol unit assignments, Plaintiffs were expected to work an

2  average of up to two hours of time loading and unloading their  horses and equipment before

3  said events where the horses were boarded and at the site of the event.  Plaintiffs were not

4  compensated for all the hours they spent working in the MPU events. Defendants dispute these

5  hours worked.  Thus, the Plaintiffs need to conduct additional discovery to substantiate their

6  position.

7    One of the primary disputes between the parties arises over the actual work performed

8  at MPU events.  Plaintiffs allege the work performed is similar to the law enforcement work

9  performed by officers on patrol.  Defendants claim the MPU work is primarily ceremonial and

10  is not similar to regular peace officer work.  Additional discovery is needed to prove Plaintiffs'

11  contentions.

12    Plaintiffs filed this lawsuit on June 1, 2005.  Defendant has filed a motion for summary

13  Judgment which will be heard on December 13, 2006.  Some of the undisputed facts alleged by

14  Defendant contradict their original answer to the complaint and the facts alleged in their motion

15  to amend the complaint.   Therefore, additional discovery is needed to establish these

16  inconsistencies.

17    Plaintiffs are informed and believe the Defendant has intimidated current Vallejo officers

18  to not speak with Plaintiffs' attorney.  Accordingly, Plaintiffs have not been able to conduct

19  informal discovery or obtain declaration from non-managerial employees, i.e. police officers in

20  the MPU.

21    Defendant also claims that Plaintiffs' counsel has attempted to solicit witnesses as

22  Plaintiffs in this case.  At no time did Plaintiffs' counsel ever attempt to solicit percipient

23  witnesses as clients in this case, and this fact is substantiated by the testimony and declaration

24  signed by Officer Brett Liddecoet during his deposition, which attests to that very fact.  (See

25  attachment C-1 to Declaration of Claudia Quintana.)  Defendant continues to accuse Plaintiffs'

26  counsel of soliciting other plaintiffs in this action without supporting evidence and despite

27  Officer Liddicoet's testimony to the contrary.

28

1  Defendant did not confer with Plaintiffs' counsel prior to setting the Summary Judgment

2  hearing on September 13, 2006, and in fact, tactically filed this motion immediately after

3  learning that the attorney handling the matter left the law firm of Mastagni, Holstedt, Amick,

4  Miller, Johnsen & Uhrhammer.  Plaintiffs asked Defendent's counsel if they would stipulate to

5  a continuance of the hearing.  Defense counsel refused Plaintiff's request.  Plaintiffs were

6  obtained a 90 day extension to December 13th.

7
### THE DISCOVERY DISPUTE AND THE PARTIES'
### MEET AND CONFER EFFORTS
8

9  The parties met and conferred regarding the issues as outlined in Defendant's Motion

10  for Protective Order.  However, no resolution was reached.

11
### CONTESTED ISSUES
12
### I.
13  **Whether or not Plaintiffs' counsel may informally contact currently employed or retired Vallejo officers below the rank**

14  **of Lieutenant without the presence of counsel for the City of Vallejo and outside of a formal deposition for the stated**

15  **purpose of investigating Plaintiffs' claims.**

16  **A.  City of Vallejo's Contentions.**

17  Defendant contends that Plaintiffs' counsel should not informally contact any current

18  or former MPU officers  in connection with this lawsuit outside of certain rules imposed by

19  the Court.  Defendant contends any prior informal contacts were improper.

20  Defendant requests that this court maintain control over the manner and content of any

21  communications between Plaintiffs' counsel and prospective class members.  Defendant

22  maintains that a temporary no-contact order with prospective class members pending either

23  class certification or a motion to strike collective action allegations is appropriate.  Defendant

24  has no other legal mechanism for ensuring that Plaintiffs' counsel does not solicit prospective

25  Plaintiffs for their lawsuit, or obtain statements from City of Vallejo employees who are

26  represented by Defendant.

27  In the seminal case discussing contacts between counsel and prospective class

28  members, *Hoffman-La Roche v. Sperling*, (1989) 493 U.S. 165, it was recognized that class

Case No. 2:05-CV-01098-DFL-JFM

JOINT STATEMENT RE
DISCOVERY DISPUTE

1  actions presented the opportunity for abuse by misleading communications from counsel.

2  *Hoffman-Laroche* also involved a "collective action" lawsuit brought by employees who had

3  been laid off, and who claimed a violation of the ADEA.  Plaintiffs' counsel in that case sought

4  the names and contact information of the potential Plaintiffs, and Defendant opposed the effort.

5  The Plaintiffs moved for discovery of the names and addresses and also for court-approved

6  notice.  The U.S. Supreme Court ruled that this was proper, stating:

> In *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981), we held that a District Court erred by entering an order that in effect prohibited communications between the named plaintiffs and others in a Rule 23 class action. Observing that class actions serve important goals but also present opportunities for abuse, we noted that "because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties."  452 U.S., at 100. The same justifications apply in the context of an ADEA action. Although the collective form of action is designed to serve the important function of preventing age discrimination, the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice. (*Hoffman-Laroche at 171*)

15  Rule 83 of the Federal Rules of Civil Procedure, which authorizes courts to regulate their

16  practice in any manner not inconsistent with federal or local rules, endorses measures to regulate

17  the actions of the parties to a multiparty suit.

> "...a district court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient way and has the discretion to begin its involvement at the point of the initial notice rather than at a later time.  Court-authorized notice may counter the potential for misuse of the class device, avoids a multiplicity of duplicative suits, and sets reasonable cutoff dates to expedite the action's disposition. Moreover, by monitoring preparation and distribution of the notice, a court can ensure that the notice is timely, accurate, and informative, and can settle disputes about the notice's content before it is distributed."  (*Hoffman-LaRoche*, *supra*, at 171.)

24  Additionally, such control would assist  counsel to comply with California Rule of

25  Professional Responsibility 2-100 with regard to ascertaining which current or former members

26  of the MPU desire to be represented by Plaintiffs' counsel, and which are represented by counsel

27  for Defendant City of Vallejo.  To the extent Plaintiffs' counsel insists on having informal

28  contact with employees and supervisors of the City of Vallejo, it is Defendant's position that any

such discovery should not occur, and that  discovery should be noticed and formal, as current and former supervisors and some current  employees of the City of Vallejo might very well fit the definition of "a Represented Party" within the meaning of Rule 2-100, in that these persons, may be employees whose actions may be imputed to Defendant.

Likewise, Model Code of Prof'l Responsibility DR 7-104(A)(1) provides that:  During the course of his representation of a client a lawyer shall not:  (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

The City of Vallejo City Attorney's Office  represents the City of Vallejo, including its actors.  To the extent actions by Vallejo Police Officers may be deemed to be, or may be imputed to the City of Vallejo, then the Officers are clients of this office.  Thus, absent some inquiry or determination that the Officers are inclined to join the class, those Officers are represented by this Office, and contact by Plaintiffs' counsel was improper.

Although the transcript of the objected-to Officer Liddicoett's deposition on September 13, 2006 is not available,  it is clear that informal communications between Plaintiffs' counsel and Vallejo Police Officer Liddicoett were conducted prior to his deposition.   (See Defendant's Attachment C, Declaration of Claudia Quintana.)  To avoid the appearance of impropriety, and to safeguard Defendant's rights, it is imperative that Plaintiffs' counsel be prohibited from conducting their informal discovery for the ostensible purpose of conducting their investigation.

Although defendant acknowledges that there are situations where organizational defendants may be contacted by plaintiffs' counsel, it should be noted that these situations normally arise in the context of a request for protective order.  (See *Harry A. v. Duncan*, 330 F. Supp. 2d 1133, 1142 (D. Mont. 2004).)

In *Harry A. V. Duncan*, *supra*, the court noted: "Regarding the issue of ex parte contact with employees of an organizational defendant, a plaintiff's ex parte conduct is prohibited neither by Model Rule of Prof'l Conduct 4.2 nor by the attorney-client privilege,

1    so long as plaintiff does not attempt to interview present or former employees with managerial

2    responsibilities concerning the matter in litigation, and does not inquire into privileged areas

3    of communication."

4        The court then went on to perform an excellent analysis of the issues surrounding ex-

5    parte contacts, looking to the *Restatement (Third) of Law Governing Lawyers* in ascertaining

6    who would be a "represented party" for purposes of applying a " no-contact rule".   The

7    Court found that the anti-contact rule applied to former as well as current District managerial

8    employees. (*Id.* at 1141.)  In reviewing the facts, the *Duncan* Court concluded that Plaintiffs'

9    counsel could interview former and current employees and agents of an organizational

10   defendant as long as those employees were not supervisory or managerial employees and those

11   employees had not manifested an intent to be represented by counsel.

12       Under that rule, Plaintiffs' counsel therefore, should have no contact with any former

13   or current supervisory and Management employee, including, retired Sgt. Mason and retired

14   Sgt. Hauser.

15       It is defendant's position that the remaining number of persons to be deposed, (less than

16   seven persons) who were involved in the Mounted Patrol Unit is so small that it would not

17   be a great inconvenience to have those persons formally deposed rather than contacted

18   informally.

19       Furthermore, it is Defendant's position that the holding of *Duncan* allowing certain

20   contact "as long as those employees were not supervisory or managerial employees and those

21   employees had not manifested an intent to be represented by counsel" should have no

22   applicability where Plaintiffs' counsel has made no effort to certify the class and give notice

23   to class members, much less ascertained their intent as to whether they would like counsel as

24   Plaintiffs, or whether their actions rather render them Defendants.

25       Having failed to define, notify and certify the class, Plaintiffs should not be able to

26   profit from the confusion they have created by allowing Plaintiffs' counsel an opportunity to

27   informally "explain" what is going on to each prospective class member through an informal

28   contact.

**B.      Plaintiffs' Contentions.**

_____Defendant's assertion is not valid grounds to oppose noticed deposition, because Officers with the rank of Sergeant and below are not "managing agents", thus, are not subject to prohibitions to ex parte contact.  In order for Defendant to properly assert a claim of privilege as to communication between Vallejo police officers and Plaintiffs' counsel, those witness officers must be in the litigation control group.  The Court in *Michaels v. Woodland*, 988 F.Supp 468 (1997) states, "in order to determine whether *ex parte* contact is prohibited it is necessary to analyze two elements: (1) whether the person is within the litigation control group...; and (2) if not, whether the person has obtained other representation.  *Rules of Professional Conduct*, Rule 4.2.  Clearly RPC 4.2 prohibits an adverse attorney to have any *ex parte* contact with any current employee within the litigation control group.  However, if the current employee is not within the litigation control group and has not obtained other representation, **ex parte contact is permitted** consistent with RPC 4.3." (Emphasis added.)

The "litigation control group" has been clearly defined by the court.  A "managing agent" that exercises substantial discretional authority over organizational policy making is consistent with the definition of control group members, those "officers and agents...responsible for directing actions in response to legal advice." *Boble v. Superior Court*, 199 Cal.App.3d 708 (1988); *Snyder v. Superior Court*, 113 Cal.App.4th 1187, 2308 (2003).  The court concluded in *Snyder, Supra*, that "the definition of managing agent in *White* applies equally well to rule 2-100 (B)(1).  First, like Civil Code section 3294, the term "managing agent" immediately follows the terms "officer" and "director," **indicating an intention to limit the term to high-level management, not mere supervisory employees**." (Emphasis added.)

Contact with non-managerial employees is permitted under California Rules of Professional Conduct, Rule 2-100.  [R]ule 2-100 must be interpreted narrowly because "a rule whose violation could result in disqualification and possible disciplinary action should be narrowly construed when it impinges upon a lawyer's duty of zealous representation." *Continental Ins. Co. V. Superior Court*, 32 Cal.App.4th 94, 119 (1995).  [T]he drafters of 2-100 expressly intended that the number of "covered employees" be limited in scope.  Thus, the

policy reasons behind the definition of "managing agent" enunciated in *White* are consistent with the policies behind rule 2-100. In sum, we conclude that the term "managing agent" in rule 2-100 refers to those employees that **exercise substantial discretionary authority over decisions that determine organizational policy**. (Emphasis added.) *Snyder v. Superior Court*, 113 Cal.App.4th 1187, 1209 (2003).

Here, Officers and Sergeants cannot be considered part of the "litigation group." Although a Sergeant has general supervisory functions, a Sergeant does not and cannot exercise substantial discretional authority over decisions that determine organizational policy. Furthermore, neither a Sergeant nor an Officer is responsible for directing actions in response to legal advise, therefore any ex parte contact with these individuals is permissible. Most importantly, neither a Sergeant nor an Officer may determine Departmental Policy with respect to FLSA compliance or other compensation. Thus, ex parte contact with either an officer or sergeant is permissible.

Additionally, Defendant has never contended that any officer or sergeant has ever request to be represented by Defendant. Thus, Defendant's contentions are not supported by any legal authorities.

Plaintiffs' Contacts with Non-represented Police Officers is Permissible Under the Law. On September 14, 2006, Defendant provided the case of *Harry v. Duncan*, 330 F.Supp2.d 1133, 1137-1138. In *Harry*, the Court "[C]oncludes that plaintiff's ex parte conduct is prohibited **neither** by Rule 4.2 nor by the attorney-client privilege, so long a plaintiff does not attempt to interview present or former employees with managerial responsibilities concerning the matter in litigation, and does not inquire into privileged areas of communication. Defendant argues that Officer Brett Liddicoet stated during his deposition that he was contacted by Plaintiffs' counsel. Plaintiffs have never denied making contact with certain officers that are percipient witnesses to this litigation; however, Plaintiffs have always held steadfast that they have never solicited additional individuals to be a party to this case. As such, Officer Liddicoet was never solicited to be a party to this case. Plaintiffs' reaffirmed this notion through a Declaration signed by Officer Liddicoet at his deposition stating that he has never

1  been solicited by Plaintiffs' counsel, thereby making the contact between Plaintiffs' counsel

2  and Officer Liddicoet permissible.

3                                            **II.**

4          **Whether a ruling regarding the finality of the class is required**
           **prior to proceeding with discovery.**

5

6  **A.      City of Vallejo's Contentions.**

7          Defendant contends that such a ruling is required prior to proceeding with either formal

8  or informal discovery.

9          Under 29 U.S.C.S. § 216(b), a "final class" consists of those people who file with the

10  court a written consent to become plaintiffs. (See *Shushan v. Univ. of Colorado*, 132 F.R.D.

11  263, 264 (D. Colo. 1990).)

12         There are two approaches to obtaining class certification. One approach applies the

13  stringent "numerosity", "typicality", "commonality" and "adequacy of representation"

14  requirements. (See *Shushan v. Univ. of Colorado*, 132 F.R.D. 263, 264 (D. Colo. 1990) and

15  *Church v. Consolidated Freightways Inc.*, 137 F.R.D. 294 at 306.)

16         Another approach uses the "similarly situated", which is a more lenient two-step process

17  for determining certification. See generally *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165

18  (1989); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Hipp

19  v. Liberty National Life Ins. Co.*, 252 F.2d 1208, 1219 (11th Cir. 2001).

20         In either line of cases, conditional class certification is a required step in litigation 29

21  USCS § 216(b) actions. *Morden v. T-Mobile USA*, No. CO5-2112RSM (2006) U.S. Dist.

22  LEXIS 42047. Although minimal discovery without moving for conditional certification is

23  allowed for purposes of assisting the plaintiff to properly define the proposed class, it is clear

24  that discovery beyond that limited purpose must be sought after the conditional class

25  certification. See *Morden v. T-Mobile USA*, *supra*, and *Hammond v. Lowe's Home Centers*,

26  2003 U.S. Dist Lexis 14878; 216 F.R.D. 666.

27         Additionally, it is established that potential class members must receive notice of a

28  proposed § 216(b) collective action before a final determination of whether the case can proceed

as a collective action is made. See *Spellman v. Visionquest*, 1998 U.S. Dist. Lexis 4298. (See also *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), vacated in part on other grounds and appeal dismissed sub. Nom., *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988).)

In *Morden v. T-Mobile USA*, No. CO5-2112RSM (2006) U.S. Dist. LEXIS 42047 Plaintiffs propounded certain interrogatories on defendants prior to class certification. Defendants objected. In deciding what scope of discovery was permissible, the *Morden* court stated:

> Federal courts have recognized that while some limited discovery is necessary to assist plaintiffs in defining a proposed class, plaintiffs will not be given free reign for discovery on all aspects of the merits of the claims. See, e.g. *Spellman*, 1998 U.S. Dist. LEXIS 4298 at 9-10 (explaining that the court had allowed limited discovery with the understanding that it had only done so in order for plaintiff to properly define the proposed class). The Court does not believe that the information sought in Interrogatories Nos. 4, 5, 6 and 7 and Requests for Production 1, 2, 6, 7 and 10 is designed to help define a proposed class, especially in light of the fact that conditional certification employs a "fairly lenient standard" which typically results in the granting of such certification. See *Kane*, 13 F. Supp2d at 214; *Spellman*, 1998 U.S. Dist. LEXIS 4298 at 6. Thus, plaintiff's proposed discovery may be more properly propounded if and when conditional certification is granted. Accordingly, the Court will not compel defendant to further respond to those requests.

In the present case, Plaintiffs have neither sought nor attained conditional class certification. In order to attain this goal, a Plaintiff bringing a collective action must (only) show that he is similarly situated to the other members of the proposed class, *and those members must "opt in to the proposed class"*. See *Morden, supra*, at p. 6, citing *Hunter v. Sprint Corp.*, 346 F. Supp.2d 113, 117 (D.D.C. 2004). See also *Zavala, et al. v. Wal-Mart Stores, Inc., No.*, 03-CV-5309 (D. N.J. Dec. 29, 2004).

To be sure, there has been considerable discovery in the present case already. Initial Disclosures have been exchanged, the depositions of the Plaintiffs have been taken, depositions of supervisorial employees within the City of Vallejo have been taken, interrogatories have been propounded, file boxes full of documents have already been exchanged. Arguably, the unobjected-to discovery up to now has been relevant to Plaintiff Menjivar's and Ketchum's claims.

1   It is Defendant's position that enough discovery has been undertaken to allow Plaintiffs

2   to seek conditional class certification, if they so choose.  However, it is Defendant's contention

3   that continuing with depositions of prospective class members without conditional class

4   certification is improper under *Spellman* and *Morden*.

5   If Officer Liddicoett's deposition is any indication, it is clear that Plaintiffs' counsel

6   means to use the depositions as a method of ascertaining whether potential litigants would make

7   good Plaintiffs.  (See Defendant's Attachment C, Declaration of Claudia Quintana.)

8   In the present case, Plaintiffs have not even obtained the initial conditional certification,

9   have filed no affidavits and have failed to issue notices to prospective class members.  No one

10  has filed a consent.  Thus, their class is not final and they should not be able to proceed with

11  discovery.

12  Allowing further discovery short of class certification– or other determination as to the

13  identity of the members of the class that only the members of the class are Plaintiffs for these

14  purposes, places Defendant in an untennable position during depositions of 'prospective class

15  members', who may have already been persuaded, outside of the Court's order, to join the

16  lawsuit, but whose actions– as members of management– may be imputed to the City of

17  Vallejo.

18  _____Defendant contends that this issue of the finality of the class needs to be determined

19  prior to the proceeding with discovery.

20  In the present case, Defendant recognized at the outset that one of the issues that

21  needed to be addressed was the finality of the class, and that that issue most directly related

22  to the Honorable Judge Levi's order of March 6, 2006, regarding the opt-in period.  For that

23  reason, as well as the motion's relation to Defendant's pending Motion for Summary

24  Judgment, Defendant originally filed this motion for protective order in front of the Honorable

25  Judge Levi on August 18, 2006.  (See Defendant's Attachment B).  However, thereafter,

26  Defendant was directed by Judge Levi's clerk to file this motion in front of this Honorable

27  Court.

28

1    Defendant has no opposition to separating the issue of whether the class should be

2  certified, as long as Plaintiffs are barred from contacting employees of the City of Vallejo

3  pending resolution of the Class Certification issue.  It is Defendant's preference to litigate this

4  issue via a duly noticed Motion to Strike Collective Action Allegations, or by opposing a

5  Motion to Certify the Class to be filed by Plaintiffs.  This decision would resolve the

6  Defendant's own "chicken and egg" limbo described in *Spellman v. Visionquest*, 1998 U.S.

7  Dist. LEXIS 4298 as follows:

8

9          We are persuaded that the two-tiered approach is the appropriate
           procedure for courts to employ in managing 216(b) cases.  In
           fact, it is the answer to what the *Sperling* court called the
10         "chicken-and-egg limbo" of requiring a plaintiff to certify a §
           216(b) representative action before  notice and discovery have
11         occurred. 118 F.R.D. at 406. While we did allow Plaintiff
           minimal discovery without moving for conditional certification,
12         we did so with the understanding that such discovery was
           necessary for Plaintiff to properly define the proposed class.  He
13         has not done so.  On that basis alone, we would strike without
           prejudice the § 216(b) allegations in the Complaint. (*Spellman* at
14         9.)

15    However, should this Court deem that there already is a proper "class" and that the class

16  is closed, Defendant reserves the right to litigate the issue of class certification by moving to de-

17  certify the class at a future time.  In the event that the Court deems the class has been closed,

18  Defendant would request that discovery be conducted via formal depositions of the few

19  remaining witnesses, and that the questioning be limited to their observance of the facts

20  surrounding the claims of the named plaintiffs.

21  **B.     Plaintiff's contentions.**

22    _____The Plaintiffs contend this issue regarding the "class" is not properly before this court

23  since it is not a discovery issue.   During the meet and confers with Defense counsel,

24  Plaintiffs' counsel repeatedly expressed that the issue regarding finality of the class is not a

25  discovery matter.  Plaintiffs' counsel suggested that Defense counsel raise that issue in a

26  separate motion before Judge Levi.  Furthermore, Plaintiffs believe that this issue regarding

27  the 'opt-in' class has already been determined by Judge Levi and that the time has closed to

28  object to his order.

1    On August 26, 2005 Judge Levi issued a scheduling order.  In this order, Judge Levi

2    ordered the parties to submit briefs on the procedure and appropriateness of adding in

3    additional Plaintiffs into this case.  Both parties submitted briefs on the collective action issue.

4    On March 6, 2006 Judge Levi issued a ruling regarding the procedure to opt-in

5    additional Plaintiffs.  Pursuant to Judge Levi's orders, all additional Plaintiffs needed to be

6    opted-in by May 12, 2006.  Pursuant to this order, no additional Plaintiffs could be added

7    after the cut-off date absent good cause.  Judge Levi's order conditionally certified the action

8    as a collective action.  As of today, no additional Plaintiffs were added into the case.

9    Plaintiffs have litigated this case as a Fair Labor Standards Act collective action case

10   pursuant to 29 U.S.C. § 216.  FLSA collective actions are distinguishable from class actions

11   lawsuits.  Accordingly, Plaintiffs object the defense counsel's characterization of this specific

12   issue regarding finality of the 'class'.  This is not a class action but a collective action.

13   The Defendant has insisted on raising the issue of finality of the 'class' as a discovery

14   dispute.  However, this issue was already determined by Judge Levi and has nothing to do

15   with discovery disputes.  Defense counsel continues to intimate that Plaintiffs' counsel is

16   attempting to communicate with other MPU officers and former MPU officers in order to

17   solicit them to join the lawsuit.  However, there is no evidence establishing this contention.

18   Furthermore, there is no case law prohibiting Plaintiffs' counsel from communicating with

19   these witnesses.

20   Defendants have also raised issues that only limited discovery is permissible to allow

21   Plaintiff to seek conditional certification.  What Defendants fail to recognize is that Plaintiffs

22   are conducting discovery on the merits of this case and not to file a certification motion since

23   Judge Levi has already ruled on that matter.

24    The defendants are protected from this addition of new plaintiffs since any attempts

25   to opt-in Plaintiffs now would require 'good cause' and would require approval from the

26   Court.  Plaintiffs have repeatedly tried to inform defense counsel that their insistence on

27   raising the issue of 'finality of the class' is not proper.  If Defendants wish to contest the

28

1   conditional certification of the collective action, they must raise that as a separate motion

2   before Judge Levi.

3       Defense Counsel has also improperly claimed that they attempted to file this motion

4   seeking finality of the class with Judge Levi on August 18, 2006.  However, the August 18,

5   2006 motion was a motion for a protective order regarding discovery and not a motion

6   regarding the collective action.

7       By raising this as a discovery dispute, the defendants are needlessly wasting this courts'

8   time.  Plaintiffs' request that the court rule on this discovery disagreement in Plaintiffs' favor.

9   **ADDITIONAL MATTERS PLAINTIFFS CONTEND ARE AT ISSUE**

10   **I.**

11   **Whether or not it is permissible for defense counsel to demand
12   and/ or Plaintiffs counsel to consent to not to represent other
City employees in similar or the same litigation as a condition
13   for taking depositions**.

14   **A.**   **City of Vallejo's Contentions.**

15       Defendant never demanded this.  In an effort to obtain an agreement, Defendant posed

16   a suggestion to Plaintiffs' counsel that Plaintiffs' counsel agree to limit themselves in the

17   representation of additional city employees for purposes of this and future lawsuits regarding

18   the same issue.  This option was posed in furtherance of obtaining a stipulation that the class

19   was closed.  Such stipulation was not reached.

20   **B.**   **Plaintiffs' Contentions.**

21       Defendant's demand for plaintiff's counsel not to represent any additional mounted police

22   officers is not only unethical, but a violation of the California rules of professional conduct.

23   When Plaintiffs were attempting to schedule the depositions at issue in this protective order,

24   Defense counsel repeatedly insisted that Plaintiffs' Counsel could not take these depositions

25   until they signed a stipulation agreeing not to represent any of the deponents for a similar wage

26   and hour claim.  Plaintiffs are unaware of any rule or regulation requiring counsel to sign a

27   stipulation agreeing not to represent a deponent in order to take their deposition.  Defense

28

1  counsel's motion for a protective order relies in part on this unreasonable, unsubstantiated

2  demand.

3       Defense counsel's request for this stipulation directly violates the California Rules of

4  Professional Conduct.  California Rules of Professional Conduct, Rule 1-500, states:

5           (A) A member shall not be a party to or participate in offering or making
            an agreement, whether in connection with the settlement of a lawsuit or
6           otherwise, if the agreement restricts the right of a member to practice law.

7       In the discussion section of the Rule 1-500, the California State Bar specifically states

8  "Paragraph (A) makes it clear that the practice, in connection with settlement agreements, of

9  proposing that a member refrain from representing other clients in similar litigation, is

10 prohibited.  Neither counsel may demand or suggest such provisions nor may opposing counsel

11 accede or agree to such provision." *California Rules of Professional Conduct, The State Bar*

12 *Act*, Pub. No. 250 (2006) Page 5.

13      Defense counsel's demand for the stipulation violates the State Bar Rules and Plaintiffs

14 are not required to agree to an unlawful stipulation in order to take the depositions of relevant

15 witnesses.  Accordingly, Plaintiffs' refusal to stipulate, which would violate California State Bar

16 Rules, is not a legitimate ground for seeking a Protective Order.

17                                        **III.**

18                     **Whether or not sanctions should be imposed**

19 **A.     City of Vallejo's Contentions.**

20      Defendant contends that the issue of sanctions against Defendant is not properly before

21 this Court, as Plaintiffs have not complied with FRCP 11 requirements regarding notice, time,

22 and other requirements.  A Rule 11 motion for sanctions necessitates the following:

23          A motion for sanctions under this rule shall be made separately
            from other motions or requests and shall describe the specific
24          conduct .... It shall be served as provided in Rule 5, but shall not be
            filed with or presented to the court unless, within 21 days after
25          service of the motion (or such other period as the court may
            prescribe), the challenged paper, claim, defense, contention,
26          allegation, or denial is not withdrawn or appropriately corrected.
            If warranted, the court may award to the party prevailing on the
27          motion the reasonable expenses and attorney's fees incurred in
            presenting or opposing the motion.

28

1    Because Plaintiffs have not complied with the procedural requirements of Rule 11, this

2    matter is not properly before the Court.  Additional, Plaintiffs have failed to specify the basis

3    for their motion for sanctions.  However, should the Court wish to hear Defense Counsel's

4    response on the merits, Defendant is prepared to so respond in a manner, and at a time and place

5    to be set in accordance with the above rule.

6    **B.      Plaintiffs' Contentions.**

7    Defendant's failure to adhere to the local rules and failure to show 'good cause' merits

8    the imposition of sanctions and an award of attorney's fees.  By its term, Rule 11 does not apply

9    to disclosures and discovery requests, responses, objections and motions under Rules 26 through

10   37."  FRCP 11(d); Patelco Credit Union v. Sahni, 262 D.3d 897, 913 (9th Cir. 2001).  Here,

11   Defendants brought their motion under Federal Rules of Civil Procedure, Rule 26, as a dispute

12   over discovery matters and whether Plaintiffs are able to take depositions of percipient

13   witnesses.  As stated in Patelco, Rule 11 sanctions are not applicable to discovery matters.

14   Therefore, and for the reasons set forth herein, sanctions may be issued by this Court as part of

15   the ruling on Defendant's motion.

16   Defense counsel has repeatedly failed to abide by the local rules.  Defendant is either

17   purposefully ignoring the Local Rules or has failed to exercise due diligence in reviewing the

18   Local Rules.  Under either circumstance, Defense counsel is unnecessarily wasting this Court's

19   time and resources.  Pursuant to Eastern District Local Rule 11-110, "[f]ailure of counsel or of

20   a party to comply with these Rules or with any order of the Court may be grounds for imposition

21   by the Court of any and all sanctions authorized by statute or Rule or within the inherent power

22   of the Court."  CA E.D. Loc. Rule 11-110.  This court should impose sanctions against defense

23   counsel for repeatedly failing to follow the Eastern District local rules. "Failure to comply with

24   valid local rules may properly be punished by the imposition of sanctions." *Miranda v. Southern*

25   *Pacific Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983).

26   Defense counsel has repeatedly failed to comply with various Local Rules, including

27   failing to file a Memorandum of Points and Authorities when making an Ex Parte request to

28   shorten time.  Defense counsel disregarded the Local Rules when they filed their discovery

dispute originally before the presiding judge and not the magistrate judge.  Finally here, defense counsel has ignored Local Rule 37-251 by not meeting and conferring with Plaintiffs' counsel over filing a protective order seeking to withdraw deposition subpoenas.  As a result additional hours were unnecessarily spent regarding this motion and the hearing was continued.  As provided for in *Miranda* and based on the inherent powers of this Court, sanctions should be imposed to force defense counsel to adhere to and respect this Court's Local Rules.

Furthermore, as a result of Defendant's actions, Plaintiffs have been forced to litigate unnecessary discovery motions.  Under 28 USC §1927, "An attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay the excess costs and attorney fees incurred by an opposing party."  Even though the Court has not given a specific discovery order, Counsel can still be held liable for sanctions.  In *Residential Funding Corp. v. DeGeorge Fin'l Corp.*, the Court held that "[e]ven without a prior discovery order, discovery misconduct can be punished under the court's "inherent powers" to manage its affairs."  306 F.3d 99, 106-107 (2d Cir. 2002).

Apart from any statute or rule, federal courts have inherent power to impose certain sanctions, including an award of attorney fees for "bad faith" conduct.  *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (9th Cir. 1994).  If the attorney's conduct is "reckless or in bad faith", sanctions may be upheld under 28 USC §1927.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988).  "Bad faith" may be found when an attorney knowingly or recklessly...engages in litigation tactics that needlessly obstruct the litigation of non- frivolous claims. *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

Defense counsel has consistently acted in a dilatory manner and engaged in "bad faith" conduct throughout these proceedings.  For example, Defendant knew Plaintiff's counsel handling discovery, William Lanahan, was leaving the firm due to a serious illness within his family.  Within a week of his departure, Defendant filed its Motion for Summary Judgment, six months prior to the discovery cut-off.  Plaintiffs asked defense counsel to continue the summary judgment hearing to obtain additional discovery.  Defense counsel denied Plaintiffs' request for

1  continuance. Plaintiffs were forced to file a motion for a continuance and were granted a 90-day

2  extension by the Court.

3      Since the original summary judgment motion was filed, Plaintiffs have been attempting

4  to coordinate the taking of depositions at issue in this discovery dispute.  When Plaintiffs'

5  counsel contacted Defense counsel for mutually convenient dates to schedule depositions,

6  defense counsel refused to cooperate and insisted these depositions were inappropriate.

7  Furthermore, Defense counsel insisted Plaintiffs' counsel sign a prohibited stipulation before

8  taking the deposition of any percipient witnesses.  Plaintiffs had no choice but to subpoena the

9  deponents.  In response, Defense counsel is now attempting to obstruct these depositions

10 through this frivolous Motion for a Protective Order. As a result, Plaintiffs have been required

11 to oppose her meritless motion.

12     Defense Counsel has repeatedly wasted this courts' time and resources by failing to

13 follow the Local Rules.  On two separate occasions, this Court has denied Defendant's motions

14 because it failed to comply with the Local rules.  Plaintiffs' counsel has been forced to expend

15 substantial hours opposing these frivolous motions.  Defendants have engaged in this conduct

16 to obstruct and delay Plaintiffs' right to discovery.  Plaintiffs respectfully request this Court

17 impose sanctions on Defendant for its willful disobedience of the Local Rules.  Plaintiffs also

18 request an order from Court instructing the defendants to pay for Plaintiffs' attorney fees in

19 having to oppose their motion.

20

21 DATED:  September 18, 2006___          /s/ - Claudia Quintana_____
                                       CLAUDIA QUINTANA
22                                     Assistant City Attorney
                                       Attorney for Defendant,
23                                     CITY OF VALLEJO

24

25 DATE:  September 18, 2006            /s/ - David E. Mastagni, Jr.
                                       DAVID E. MASTAGNI, JR.
26                                     Attorney for Plaintiffs

27

28