IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WYNATHEN KETCHUM, ANA MENJIVAR,          No. Civ. S-05-1098 RRB JFM
acting for themselves and
others similarly situated,               **Memorandum of Opinion**
                                                  **and Order**

        Plaintiffs,

    v.

CITY OF VALLEJO,

_____Defendant._____/

    Before the court is Wynathen Ketchum ("Ketchum") and Ana

Menjivar's ("Menjivar") (collectively "Plaintiffs") motion for

reconsideration of this court's October 15, 2007, Memorandum and

Order ("Order") pursuant to Rule 59(e) and Rule 60(b) of the

Federal Rules of Civil Procedure.[1]   The City of Vallejo

_____

    [1] On October 15, 2007, the court issued an Order granting in
part and denying in part Defendant's motion for summary
judgment, and granting Plaintiffs' cross-motion for summary
adjudication.  Defendant's motion was granted insofar as it
sought a determination that the instant action has not been
properly commenced under 29 U.S.C. § 216.  It was denied in all
other respects.  Plaintiffs' cross-motion was granted insofar as

1

("Defendant") opposes the motion and filed a cross-motion for

reconsideration pursuant to Eastern District Local Rule 78-

230(k).[2]    **For the reasons stated below, Plaintiffs' motion is**

**GRANTED and Defendant's cross-motion is DENIED.[3]**

I.

**A.  Legal Standard**

Although there is no "motion for reconsideration" specified

in the Federal Rules of Civil Procedure, Rule 54(b) is a

procedural vehicle by which a party may achieve the effect of

---

it sought a determination that the time spent by Mounted Patrol
Unit ("MPU") officers training and transporting their horses is
compensable work under the Fair Labor Standards Act ("FLSA").
The court further determined that a genuine issue of material
fact exists as to whether Defendant willfully violated the FLSA.

[2] Plaintiffs have inappropriately brought their motion for
reconsideration pursuant to Rule 59(e) (motion to alter or amend
judgment) and Rule 60(b) (relief from judgment) of the Federal
Rules of Civil Procedure as these rules only provide the
procedural vehicle for filing a motion for relief from a *final
judgment*. See Balla v. Idaho State Bd. of Corrections, 869 F.2d
461, 466-67 (9th Cir. 1989) (emphasis added); see also United
States v. Martin, 226 F.3d 1042, 1048, n.8 (9th Cir. 2000)
(Rules 59(e) and 60(b) only apply to motions seeking to alter or
amend a final judgment (i.e., an appealable final order)).
Therefore, because this court's Order was not a final judgment
as it did not adjudicate all the claims or the rights or
liabilities of the parties, either Rule 54(b) or Local Rule 78-
230(k) is the appropriate procedural vehicle for Plaintiffs'
motion. See Fed. R. Civ. P. 54(b); Local Rule 78-230(k).
Accordingly, Plaintiffs' motion for reconsideration is construed
as a motion filed pursuant to either Rule 54(b) or Local Rule
78-230(k), not Rules 59(e) and 60(b).

[3] Because oral argument will not be of material assistance,
the court orders this matter submitted on the briefs. Local
Rule 78-230(h).

reconsideration of a non-final order. <u>See</u> Fed. R. Civ. P. 54(b). Rule 54(b) provides, in pertinent part, that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." District courts have inherent authority to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary. <u>Martin</u>, 226 F.3d at 1048-49.

Local Rule 78-230(k) provides that motions for reconsideration may be brought for "any motion . . . granted or denied in whole or in part . . . ." "Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the 'new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion.' Generally speaking, before reconsideration may be granted, there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice." <u>Catholic Social Services, Inc. v. Ashcroft</u>, 268 F. Supp. 2d 1172, 1195 n.18 (E.D. Cal. 2002). To succeed in a motion to

reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

**B.   Plaintiffs' Motion for Reconsideration**

Plaintiffs seek reconsideration of this court's Order insofar as it determined that the instant action has not been properly commenced under § 216(b) because Plaintiffs did not file consent to suit forms with the court.[4]   Plaintiffs argue that the court erred in this regard because it failed to consider Plaintiffs' consent to suit as set forth in their declarations filed on November 15, 2006, April, 11, 2007,

---

[4] The FLSA provides that no party may join a collective action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Under the FLSA, a "collective action" is considered to be commenced with respect to any individual claimant "on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought." 29 U.S.C. § 256(a). When a "collective action" is filed under § 216(b) all plaintiffs, including named plaintiffs are required to file a consent to suit form with the court in which the action is brought. Harkins v. Riverboat Services, Inc., 385 F.3d 1099, 1101 (6th Cir. 2004); Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999). A "collective action" is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed. Harkins, 385 F.3d at 1101; Bonilla, 61 F. Supp. 2d at 1133 (citing cases).

April 25, 2007, and May 9, 2007.   Plaintiffs argue that these declarations are sufficient to properly commence their respective actions because they substantially comply with § 216(b)'s consent to suit requirement.   Alternatively, Plaintiffs argue that the Order should be modified to reflect that Ketchum's action was properly commenced on May 21, 2007, when he filed a formal written consent to suit form/pleading with the court.[5]

After careful review of the record in this matter, the court finds that Menjivar's action was properly commenced on April 11, 2007.   On this date, Menjivar filed an amended declaration with the court attesting that: "I indicated my consent to be a party plaintiff to this lawsuit by agreeing to

_____

[5] As a preliminary matter, the court notes that Plaintiffs advanced the following arguments in support of their opposition to Defendant's motion for summary judgment regarding commencement of the instant action: (1) Plaintiffs were not required to file written consents with the court to commence their respective actions because they were named plaintiffs; (2) Plaintiffs were not required to file written consent forms with the court because their action is a joint action alleging individual claims, not a "collective action"; and (3) Plaintiffs substantially complied with § 216(b)'s written consent requirement by participating in discovery and by filing declarations (dated November 15, 2006) indicating their consent to suit.   Notably, however, Plaintiffs did not cite to, nor did they rely upon, the language in their amended declarations (filed on April, 11, 2007, and May 9, 2007) to support their substantial compliance argument.   Nor did Plaintiffs argue that Ketchum's action was properly commenced on May 21, 2007, when he filed a formal written consent to suit form/pleading with the court.

be an original named plaintiff. Therefore, I have already
indicated my consent, and I continue to consent to participate
in this action." Amended Decl. of Menjivar at 1:10-13, Exh. M
to Decl. of Will M. Yamada ("Yamada") (Docket at 87). The court
finds this statement sufficient to satisfy § 216(b)'s consent to
suit requirement because it clearly establishes Menjivar's
intent to become a plaintiff in this action. See Montalvo v.
Tower Life Bldg., 426 F.2d 1135, 1148-49 (5th Cir. 1970)
(finding that the a consent form consisting of a typewritten
statement requesting that "legal action be taken to secure my
claim for me due me under the Fair Labor Standards Act,"
followed by the plaintiff's signature, sufficient to constitute
written consent because it clearly established an intent to
become a party plaintiff);[6] see also Lima v. Int'l Catastrophe
Solutions, Inc., 493 F. Supp. 2d 793, 802 (E.D. La. 2007)

---

[6]  In Montalvo, the plaintiffs were maids and janitors
seeking unpaid wages from their employer. Montalvo, 426 F.2d at
1137. The plaintiffs signed a document that requested only that
"legal action be taken to secure my claim for me due me under
the Fair Labor Standards Act." Id. at 1148. A xerox copy of
this document was filed with the complaint. Id. Subsequently,
the plaintiffs produced the original document. Id. The court
held that this original document "demonstrated clearly that the
plaintiffs, by signing their names, had in fact given their
consent to becoming plaintiffs in a suit for recovery under the
[FLSA]." Id. The court found further support for its
conclusion based on the fact that "the only testimony adduced on
this point indicated that the plaintiffs, though unschooled in
legal technicalities, had a basic understanding of the nature of
the consent they were giving by their signatures." Id.

(approving consent to sue form consisting of a paragraph stating that by signing the form, the opt-in authorizes the filing and prosecution in his or her name, consents to become a party plaintiff in the action, and authorizes the Plaintiffs' various attorneys to represent, to proceed, and to settle on his or her behalf and others similarly situated with regard to their collective claims);[7] Schute v. New York, 533 F. Supp. 31, 34-35 (E.D.N.Y. 1981) (in order to commence an action under the Equal Pay Act incorporating 29 U.S.C. § 256, a named plaintiff was required to file a written consent or a verification under oath that would serve as its substantial equivalent); Kulik v. Superior Pipe Specialties Co., 203 F. Supp. 938, 941 (D.C. Ill. 1962) (observing that written consent to become a party plaintiff referred to in 29 U.S.C. § 256(a), is a document signed by the person whose consent it purports to be). Additionally, the court finds that Ketchum's action was properly commenced on May 9, 2007.  On this date, Ketchum filed an amended supplemental declaration with the court attesting: "I have indicated my consent to be a party plaintiff to this lawsuit by agreeing to be a named plaintiff.  Accordingly, I have already indicated my consent, and I continue to consent to

---

[7]   In Lima, the court observed that in order to join a collective action under FLSA, little more is needed than a statement indicating plaintiff's intent to participate in the litigation and their signature. Lima, 493 F. Supp. 2d at 802.

participate in this action as a plaintiff." Amended Supp. Decl. of Ketchum at 2:5-8, Exh. L to Amended Decl. of Yamada (Docket at 98).   The court finds this statement sufficient to satisfy § 216(b)'s consent to suit requirement because it clearly establishes Ketchum's intent to become a plaintiff in this action.[8]

Accordingly, the court hereby modifies section II.B of its October 15, 2007, Order to reflect that Menjivar's action was properly commenced on April 11, 2007, and Ketchum's action was properly commenced on May 9, 2007.   Therefore, Menjivar can recover damages for any violation of the FLSA accruing within either the two-year period from April 11, 2005, to April 11, 2007, or if Defendant's violation of the FLSA is found to be willful the three-year period from April 11, 2004, to April 11, 2007.   Similarly, Ketchum can recover damages for any violation of the FLSA accruing within either the two-year period from May 9, 2005, to May 9, 2007, or if Defendant's violation of the

---

[8] To the extent that Plaintiffs argue that earlier filed declarations were sufficient to commence their respective actions, the court disagrees.   The court thoroughly reviewed the relevant declarations and did not find any statements therein expressing a clear intent on the part of either plaintiff to participate in this action.

FLSA is found to be willful the three-year period from May 9, 2004, to May 9, 2007.[9]

## C.  Defendant's Motion for Reconsideration

Defendant seeks reconsideration of this court's Order insofar as it determined that the instant action was not time-barred based on Plaintiffs' failure to file consent to suit forms with the court before the court's May 12, 2006, deadline. Alternatively, Defendant seeks to strike the language in Plaintiffs' amended declarations purporting to provide consent to suit on the ground that Plaintiffs failed to seek leave or make the requisite good cause showing to justify the untimely filing of these consents.

Although the court is not unsympathetic to Defendant's position that Plaintiffs should have provided consent to suit in a timelier and more straightforward manner, it nonetheless finds that modification of its previous Order is necessary to correct "clear" error. The language in Plaintiffs' amended declarations[10] convinces the court that its earlier determination

---

[9]  Signed consents filed after the filing of the complaint do not relate back to the date the complaint was filed. Kuhn v. Philadelphia Elec. Co., 487 F. Supp. 974, 975 (D.C. Pa. 1980); Cahill v. City of New Brunswick, 99 F. Supp. 2d 464, 479 (D. N.J. 2000); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006).

[10]  The court notes that the relevant language in Plaintiffs' amended declarations was not considered by the court in reaching its earlier determination regarding the commencement of the

that the instant action has not been properly commenced is not an accurate reflection of the evidence before the court. Therefore, because Defendant did not cite to any authority compelling a contrary result, the court exercises its inherent authority to modify its October 15, 2007, Order as set forth above.   Accordingly, Defendant's motion for reconsideration is DENIED.[11]

## II.

For the above stated reasons, Plaintiffs' motion for reconsideration is GRANTED and Defendant's cross-motion for reconsideration is DENIED.   It is hereby ordered that section II.B of this court's October 15, 2007, Order is modified to reflect that Menjivar's action was properly commenced on April 11, 2007, and Ketchum's action was properly commenced on

---

instant action because Plaintiffs did not cite to, nor did they rely upon, this language in opposing Defendant's motion for summary judgment.

[11] To the extent that Defendant suggests that it would suffer prejudice if Plaintiffs are permitted to opt-in at this stage of the litigation, the court disagrees.   Because Defendant has been aware of Plaintiffs participation in this litigation for some time, it cannot plausibly claim surprise, unfairness or prejudice from Plaintiffs opting-in at this stage in the litigation.   Moreover, the commencement of Plaintiffs' respective actions is consistent with a broad and flexible reading of the FLSA and with the court's discretion in these matters.   See Kelley v. Alamo, 964 F.2d 747, 749-50 (8th Cir. 1992) (holding that the FLSA should be read generously in favor of those it protects, including "when considering issues of time limits and deadlines").

May 9, 2007.  It is further ordered that Menjivar can recover damages for any violation of the FLSA accruing within either the two-year period from April 11, 2005, to April 11, 2007, or if Defendant's violation of the FLSA is found to be willful the three-year period from April 11, 2004, to April 11, 2007.  It is further ordered that Ketchum can recover damages for any violation of the FLSA accruing within either the two-year period from May 9, 2005, to May 9, 2007, or if Defendant's violation of the FLSA is found to be willful the three-year period from May 9, 2004, to May 9, 2007.

**IT IS SO ORDERED.**

ENTERED this 10th day of December, 2007.

s/RALPH R. BEISTLINE<br>
United States District Judge